IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| James T. West and<br>Marcelle E. West, | Bankruptcy No. 07-23398-JKF |
| Debtors | Chapter 13 |
| James T. West and<br>Marcelle E. West, | |
| Plaintiffs | |
| v. | Adversary No. 08-2075 |
| America's Servicing Company, | |
| Defendant | **Related to Doc. No. 13, Motion for Summary Judgment filed on behalf of Defendant** |

**MEMORANDUM OPINION**[1]

The matter before the court is America's Servicing Company's Motion for Summary Judgment with respect to the Complaint filed by Debtors alleging that Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq*. For the reasons that follow, summary judgment will be granted.

Background

Debtors purchased the real property at issue in 1997 for a stated consideration of $114,000.00. On August 31, 2004, in order to refinance their mortgage loan, Debtors entered into a mortgage with Argent Mortgage Company LLC in the original principal amount of

---

[1]The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

1

$147,500.00. The mortgage was assigned to Ameriquest Mortgage Company and Ameriquest later assigned it to Wachovia Bank, N.A., as Trustee pursuant to a Pooling and Servicing Agreement. Wachovia Bank as Trustee entered into a mortgage servicing agreement with America's Servicing Company ("ASC") which acts as servicing agent for this mortgage. ASC is authorized to act on behalf of Wachovia Bank as Trustee, to defend this proceeding.[2] *See* Brief in Support of Motion for Summary Judgment filed on behalf of ASC. Adv. Doc. No. 14.

Debtors defaulted on the mortgage and ASC filed a notice of intent to foreclose. Debtors' application for assistance from the Pennsylvania Housing Finance Agency was denied, and a mortgage foreclosure action was filed on May 14, 2007. Debtors filed this Chapter 13 on May 25, 2007. This adversary was commenced on February 27, 2008.

Debtors seek the following relief: (1) rescission of the mortgage, (2) voiding the security interest in Debtors' residence, (3) return of all monies Debtors paid on account of the loan, (4) actual damages, (5) statutory damages, (6) attorney's fees and costs, and (7) any other relief deemed appropriate by this court. Rescission encompasses the first three requests for relief.[3]

---

[2] Pursuant to the terms of 15 U.S.C. §1635, an obligor may rescind by providing notice to the *creditor*. Similarly, §1640 outlines the civil liability of *creditors* who fail to comply with TILA. Title 15 U.S.C. §1641 makes clear that assignees of creditors may also be liable for TILA violations. However, §1641(f) distinguishes an assignee from a servicer. Generally, a servicer is not liable for rescission or other damages. *Hubbard v. Ameriquest Mortgage Co.*, 624 F. Supp. 2d 913, 917 (N.D. Ill. 2008). Servicers can be liable under TILA, however, if it is shown that the servicer was either the owner of an obligation or if the servicer possesses or possessed an interest in the loan. *Id.* at 917-18. Here, neither party has addressed whether ASC, as a servicer, is an appropriate Defendant in this TILA action. It is not clear how ASC fits the definition of a creditor for TILA purposes.

[3] "On rescission of a contract, the contract is declared nonexistent, and rescission places 'the parties in the position they would have been in had the agreement never been executed....Thus, a party seeking rescission of a contract must 'disgorge the fruits of the

(continued...)

2

Complaint, Adv. Doc. No. 1, at 3-4. Debtors' sole allegation is that Defendant violated 15 U.S.C. §1639(a)(2)(B),[4] which requires that the creditor disclose, *inter alia*, "the amount of the maximum monthly payment, based on the maximum interest rate allowed pursuant to section 1204 of the Competitive Equality Banking Act of 1987."[5] Complaint, Adv. Doc. No. 1, at ¶¶7-9.

---

[3](...continued)
bargain.'" *Jones v. Saxon Mortgage, Inc.*, 537 F.3d 320, 326 (4th Cir. 1998). Specifically, 12 C.F.R. §226.23(d) provides, "(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge. (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest. (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value...." Therefore, rescission of the mortgage encompasses the first three requests for relief sought in Debtors' Complaint as it would result in the voiding of the security interest and would require Debtors to return of all monies paid to them.

[4] The particular disclosure required by §1639(a)(2)(B) is only required for mortgages that satisfy the terms of 15 U.S.C. §1602(a)(a): "(1) A mortgage referred to in this subsection means a consumer credit transaction that is secured by a consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (B) the total points and fees payable by the consumer at or before closing will exceed the greater of (i) 8 percent of the total loan amount; or (ii) $400." Debtors do not address whether their mortgage meets these requirements, and Defendant does not challenge the applicability of §1602(a)(a) in its Motion for Summary Judgment. At this time, the sole issue before the court is whether the applicable statute of limitations has expired. However, Debtors have not asserted the elements of a cause of action because there is no allegation that their mortgage meets the definition of §1602(a)(a).

[5] The Code of Federal Regulations provides that disclosures must be made for certain mortgages: "For variable rate transactions, a statement that the interest rate and monthly payment may increase, and the amount of the single maximum monthly payment, based on the maximum interest rate required to be disclosed under §226.30." 12 C.F.R. 226.32(c)(4). Section 226.30 requires a creditor to "include in any consumer credit contract secured by a dwelling and subject
(continued...)

3

Defendant filed a Motion for Summary Judgment and Brief in Support asserting that (1) Debtors' claim for rescission is barred by the statute of limitations, (2) Debtors' failure to address the tender requirement is fatal to their claim for rescission,[6] (3) Debtors' claim for monetary damages is barred by the one year statute of limitations, and (4) Debtors have failed to state any other claims upon which relief can be granted.   Adv. Doc. Nos. 13 and 14.

Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), the moving party is entitled to summary judgment where the evidence shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The non-moving party can defeat summary judgment if it produces evidence in the record creating a genuine issue of material fact. *El v. SEPTA*, 479 F.3d 232, 238 (3d Cir. 2007).  However, where the moving party has satisfied its burden under Rule 56(c), the non-moving party cannot "rely merely on allegations or denials in its own pleading; rather, its response must...set out specific facts showing a genuine issue for trial." Fed. R. Civ. Pro. 56(e)(2).

Debtors' Right to Rescind

A consumer's right to rescind under TILA is derived from 15 U.S.C. §1635.  Pursuant to §1635(a), "the obligor shall have the right to rescind the transaction until midnight of the third

---

[5](...continued)
to the act and this regulation the maximum interest rate that may be imposed during the term of the obligation when: (a) In the case of close-end credit, the annual percentage rate may increase after consummation."

[6] We will not address this issue as we find that the statute of limitations has run for purposes of Debtors' rescission claim.  However, we note that "[j]udicial preconditioning of cancellation of the creditor's lien on the customer's tender is inappropriate in bankruptcy cases." *Celona v. Equitable Nat'l Bank*, 98 B.R. 705, 708 (E.D. Pa. 1989).

business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." However, where the required disclosures under TILA are not made, "the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 11 U.S.C. §1635(f). For purposes of TILA, consummation is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. §226.2(a)(13).

Debtors assert that one of the required disclosures was not made and that the three year statute of limitations applies. Assuming, without deciding, solely for purposes of this Motion for Summary Judgment that the required disclosure was not made and that the applicable limitations period is three years as Debtors contend, the time period began to run upon the consummation of the transaction on August 31, 2004, as there has been no sale of the property. Debtors assert that the filing of this Adversary on February 27, 2008, constitutes notice of rescission for purposes of TILA. Brief in Support of Plaintiff's Complaint, Doc. No. 17, at 2. For the reasons that follow, we find that even if such assertion is correct, the adversary proceeding was commenced beyond the three year time period provided under §1635(f).

Section 108 of the Bankruptcy Code extends certain periods of time within which the trustee or debtor-in-possession[7] may act. Debtors assert that §108(a) of the Bankruptcy Code

---

[7] "[T]he debtor in a Chapter 13 case is a debtor-in-possession by way of 11 U.S.C. §1306(b), and...the debtor in a Chapter 13 case has the ability to sue on behalf of the estate and
(continued...)

5

extends the time period within which they can rescind.  Section 108(a) provides, "If applicable nonbankruptcy law...fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before...two years after the order for relief."[8]  In this case, §108(a) provided Debtors until May 25, 2009, to commence actions for which the statutes of limitations had not passed upon the filing of the petition.  Debtors filed their Complaint on February 27, 2008, and it is their position that they commenced the adversary, which constituted notice of rescission, within the allotted time as extended under §108(a).

The Defendant contends that §108(b) applies rather than §108(a).  Pursuant to §108(b), "[e]xcept as provided in subsection (a) of this section, if applicable nonbankruptcy law...fixes a period within which the debtor...may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) the 60 days after the order for relief."  If applicable, §108(b) would not operate to extend the time to act provided under 15 U.S.C. §1635(f), as the sixty day period would expire on July 24, 2007, a date prior to the expiration of the three year statute of limitations provided by TILA, which permitted Debtors to rescind by August 31, 2007.

---

[7](...continued)
thus is eligible for the same provisions of the Code affecting the trustee's power." *McConnell v. K-2 Mortgage*, 390 B.R. 170, 180 (Bankr. W.D. Pa. 2008).

[8] Pursuant to 11 U.S.C. §301(b), "the commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."

Thus, it is Defendant's position that Debtors' Complaint seeking rescission, filed on February 27, 2008, was untimely.

Whether Debtors are able to proceed with their claim for rescission depends upon whether §108(a) or §108(b) applies to the facts in this case. Pursuant to TILA, the right to rescind is effectuated "by notifying the creditor, in accordance with regulations of [the Federal Reserve] Board, of [the consumer's] intention to do so." *Thomas v. GMAC Residential Funding Corp.*, 309 B.R. 453, 455 (D. Md. 2004); 15 U.S.C. §1635(a); 12 C.F.R. §226.23. Specifically, "[t]o exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business." 12 C.F.R. §226.23(2). Therefore, by the terms of the statute and the regulation, the consumer must give a *notice* to exercise the right to rescind. As such, the applicable subsection under §108 for purposes of extension of time is §108(b), providing an additional sixty days from the order for relief where that extension is longer than the period provided by nonbankruptcy law.

Here, the three year period provided by TILA expires later than the sixty day extension under §108(b). TILA gave the Debtors until August 31, 2007, to file such a notice. However, whereas this bankruptcy was filed on May 25, 2007, the adversary proceeding was not commenced until February 27, 2008. While Debtors correctly contend that some courts have determined that the filing of a complaint seeking rescission *can qualify as notice* to satisfy the terms of the statute and regulation, *Jones v. Saxon Mortgage, Inc.*, 537 F.3d 320, 325 (4th Cir. 1998); *Taylor v. Domestic Remodeling*, 97 F3d 96, 100 (5th Cir. 1996), it is notice that is

required by the statute and not commencement of an action as provided for under §108(a).[9] As it is clear that Debtors did not notify the creditor within the time period allotted, the remedy of rescission is time-barred. "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998).

Actual and Statutory Damages

The remaining three requests for relief (numbers 4, 5, and 6) seek damages. "The Supreme Court made clear in *Beach v. Ocwen Federal Bank*, 523 U.S. 410,...that under TILA remedies for statutory and actual damages are distinct from the right of rescission provided by §1635(f). The former is subject to a one-year statute of limitation and the latter to a three-day or in certain circumstances three-year bar to enforcement." *Orr v. Ameriquest Mortg. Co.*, Adv. No. 07-2615, 2009 Bankr. LEXIS 3020, at *7-8 (Bankr. D.N.J. Sept. 17, 2009). Pursuant to §1640(a)(1),(2), a violation of TILA gives rise to a claim for both actual and statutory monetary damages. Section 1640(e) provides, "[a]ny action under this section may be brought...within one year from the date of the occurrence of the violation." Case law provides that the one year runs from the date of consummation.[10] However, according to §1640(e), "[t]his subsection does not

---

[9] *Cf. Ramming v. United States,* 281 F.3d 158, 164 (5th Cir. 2001) ("[T]he filing of an administrative claim does not constitute the commencement of an 'action' under §108(a)....The term 'commencement of an action' in §108(a) applies only to 'the bringing of suit in court' and not to an administrative proceeding that may precede such a suit."); *Autoskill, Inc. v. Nat'l Educ. Support Sys.,* 994 F.2d 1476, 1484 (10th Cir. 1993) (finding that §108(b) applies to notices of appeal as they are similar "to two of the actions specified, filing a 'pleading' or a 'notice'").

[10] *See Rocco v. J.P. Morgan Chase Bank*, 255 Fed. Appx. 638, 642 (3d Cir. 2007) ("because their [TILA] claims were not within one year of the making of their mortgage, [Debtors] may only assert those claims as a defense to an action to collect the debt"); *Woolaghan v. United Mortgage Services, Inc.*, 140 B.R. 377, 382 (Bankr. W.D. Pa. 1992) ("A violation 'occurs' when the transaction is consummated, which happens at the moment 'a contractual
(continued...)

bar a person from asserting a violation of this title in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law."

In the context of bankruptcy, a creditor presents its claim by filing a proof of claim. *See Jones v. Progressive-Home Federal Savings and Loan Assoc.*, 122 B.R. 246, 250 (W.D. Pa. 1990). Pursuant to 11 U.S.C. §501, a proof of claim is deemed allowed unless a party in interest objects. "If the objection to the proof of claim is joined with a demand for relief challenging the validity, priority, or extent of an interest in property, the objection is considered a complaint in an adversary proceeding." *Id.* Where a debtor's objection to a creditor's claim and assertion of a TILA claim are presented in the form of a complaint in an adversary action, "the objection and TILA claim are in the nature of a defense." *Id.* In that event, the claim to damages is not asserted as an independent action but rather as a defense to a creditor's proof of claim, and the claim qualifies as a defense of recoupment. *Id.* In those circumstances, the one year statute of limitations will not apply.

Here, however, the Complaint does not assert an objection to Defendant's proof of claim and this adversary proceeding seeking recovery pursuant to TILA is not presented in the nature of a defense. Thus, the Complaint does not state a claim for damages upon which relief can be granted. Summary judgment, as requested by Defendant, is appropriate on that ground as to Debtors' request for statutory and actual damages.

---

[10](...continued)
relationship is created between [a creditor and a consumer....'); *Carmen v. Metrocities Mortg. Corp.*, No. 08-2729, 2009 U.S. Dist. LEXIS 42245, at *8 (D.N.J. May 18, 2009) ("statute of limitations begins to run when the contract is executed").

Attorney's Fees and Costs

Pursuant to 15 U.S.C. §1640(a)(3), a creditor who fails to comply with the TILA requirements is liable "in any case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission...the costs of the action, together with a reasonable attorney's fee as determined by the court." Debtors' claim for rescission is untimely and they have asserted no basis for damages in the nature of recoupment. As a result, there is no claim stated on which relief can be granted regarding attorneys fees and costs. Summary judgment will be entered on this aspect of the Complaint as well.

Conclusion

Based on the foregoing, the time period within which Debtors could seek rescission has expired. With respect to Debtors' claims for actual and statutory damages, summary judgment is appropriate even though such claims would not be barred by the statute of limitations had they been asserted in the nature of a defense to Defendant's proof of claim, because no such assertion is made. As Debtors' Complaint is drafted, it does not object to Defendant's proof of claim and fails to state a claim upon which relief can be granted for actual or statutory damages or for attorneys fees and costs. Therefore, Defendant's Motion for Summary Judgment will be granted.

An appropriate order will be entered.

Dated: 11/19/2009
DATED:  12:48:53

Judith K. Fitzgerald
United States Bankruptcy Judge

cjs

10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| James T. West and Marcelle E. West | Bankruptcy No. 07-23398-JKF |
| Debtors | Chapter 13 |
| James T. West and Marcelle E. West, Plaintiffs | |
| v. | Adversary No. 08-2075 |
| America's Servicing Company Defendant | **Related to Doc. No. 13, Motion for Summary Judgment filed on behalf of Defendant** |

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF
AMERICA'S SERVICING COMPANY

**AND NOW**, this **19th** day of **November**, **2009**, for the reasons stated in the foregoing Memorandum Opinion, it is **ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and the Complaint is dismissed.

It is **FURTHER ORDERED** that counsel for America's Servicing Company shall immediately serve a copy of this Order on all parties in interest who do not receive electronic notice and shall file a certificate of service forthwith.

The Clerk shall close this Adversary.

Dated: 11/19/2009
12:49:27

*Judith K. Fitzgerald*
Judith K. Fitzgerald
United States Bankruptcy Judge

cjs

1